## A. K. KNOWLES V. THE STATE.

No. 15111.   Delivered March 30, 1932.
Rehearing Denied June 22, 1932.
Reported in 50 S. W. (2d) 1096.

The opinion states the case.

*J. Lee Cearley,* of Cisco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE. — Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

There are no bills of exception in the record.  Appellant excepted to the charge of the court, contending that same failed to submit affirmatively his claim that he did not know the intoxicating liquor was in his house.  We observe that in the charge in two places the court presented the question of appellant's knowledge of the presence of such liquor.  In paragraph eight the jury were specifically told that even though they found that liquor was on the premises of the appellant, yet if they believed, or had a reasonable doubt thereof, that he did not know of its presence there, they should acquit.  In his oral argument appellant's attorney insisted, as he does in his brief also, that the evidence is insufficient to support the verdict.

Officers, armed with a search warrant, went to appellant's house, and were told by him to go ahead and search if they wanted to.  On a shelf in a closet they found a keg having in it about five gallons of whisky.  There was a rubber tube in the keg hanging down and protruding through a crack in the shelf.  They also found empty whisky flasks.  They said they examined the tube and that it had whisky in it.  According to the testimony of the officers the keg was boxed up in a closet between two shelves, having in front a sliding door that slid up and covered it.  The officers also testified that they watched a party come away from appellant's house before the search, and that this party came up to where two others were standing and gave them a drink out of a

bottle which he produced. Appellant, his wife and others testified that he had moved into the particular house only a few days before the search. They disclaimed any knowledge of or connection with the whisky found by the officers. In its rebuttal the state introduced witnesses who testified that they had been to the house in question shortly before appellant and his family moved in, had looked through the house and into the closet referred to, and that there was no whisky then in the closet or in the house. They said there were some old fruit jars, and that the shelves were open and not boxed up, as described by the officers. We are unable to agree with appellant's contention that the evidence does not support the verdict.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—We have again examined the testimony in the light of appellant's motion for rehearing, and are not led to believe that we were in error in holding the evidence sufficient to support the conviction.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.